# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: ORLANDO JOSE                                    MISCELLANEOUS ACTION
JEREZ BUSTOS

                                                                                               No. 23-532

                                                                                               SECTION I

## ORDER & REASONS

Before the Court is a petition[1] by Orlando Jose Jerez Bustos ("Bustos") to correct the birth date on his naturalization certificate. The government opposes the petition.[2] For the reasons below, the Court denies the petition.

## I. BACKGROUND

In his petition, Bustos alleges that he was born in Nicaragua on December 20, 1953.[3] He further alleges that when he became a naturalized U.S. citizen on June 6, 1990, "[f]or reasons unknown," his naturalization certificate incorrectly stated his birth date as December 20, 1956.[4] Bustos "avers that this is an unintentional typographical error" and asks this Court to issue a corrected birth certificate reflecting his birth date of December 20, 1953.

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 4. Though Bustos did not name the government as a party to this matter, the Court provided a copy of the petition to the U.S. Attorney's Office for the Eastern District of Louisiana and ordered the government to file a response to Bustos' petition. R. Doc. No. 3.
[3] R. Doc. No. 1. ¶ 1.
[4] *Id.* ¶ 2.

1

## II.     ANALYSIS

Prior to 1990, federal courts had exclusive jurisdiction to naturalize individuals pursuant to 8 U.S.C. § 1421(a). *In re Emadzedeh*, No. 19-1583, 2022 WL 3030476, at *1 (E.D.N.Y. Aug. 1, 2022). When Congress passed the Immigration Act of 1990 (hereinafter, the "Act") it transferred naturalization authority from the courts to the executive branch effective October 1, 1991. *Id.* Courts retain jurisdiction, however, to amend court-issued naturalization certificates issued prior to the Act's transfer of authority.[5] *Id.*; *accord In re Chehrazi*, No. 12-80110, 2012 WL 3026537, at *2–3 (N.D. Cal. 2012) (finding jurisdiction to amend the petitioner's naturalization certificate where the petitioner was naturalized by court order in 1980); *Kennedy v. U.S. Citizenship & Immigr. Servs.*, 871 F. Supp. 2d 996, 1005 n. 12 (N.D. Cal. 2012) ("Given that the Petitioner's Certificate was issued pre-1990, there is no doubt that this Court has power to amend the certificate.") Because Bustos was naturalized by this Court prior to the Act's transfer of authority, the Court has the authority to entertain his request.[6]

---

[5] Prior to amendment, the relevant portion of the U.S. Code provided that "[n]othing contained in this section shall be regarded as limiting, denying, or restricting the power of any naturalization court, by or in which a person has been naturalized, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person." 8 U.S.C. § 1451(i) (1990).

[6] Though Courts considering similar requests generally have not identified what Federal Rule of Civil Procedure, if any, governs such requests, the Court notes that it generally has the authority to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Though the government does not contest that the Court has the authority to amend Bustos' naturalization certificate, it nevertheless opposes the petition on the grounds that Bustos has failed to provide sufficient evidence justifying the amendment. In connection with its opposition, the government produces several government documents stating that Bustos' birthdate is December 20, 1956, in accord with the birthdate on his naturalization certificate.[7] These forms date from between 1979, when Bustos first arrived in the United States, to 1989, just a few years before his naturalization. Bustos appears to have first alerted the government to the alleged error on his naturalization certificate on September 29, 2021, when he filed a request for a correction with USCIS.[8] In connection with that request, he provided a copy of what he maintains is his original birth certificate, which lists his birthdate as December 20, 1953.

"Most cases [considering similar petitions] suggest that a petitioner must offer 'unequivocal evidence' of his true date of birth to obtain an amended certificate." *Hussain v. U.S. Citizenship & Imm. Servs.*, 541 F. Supp. 2d 1082, 1085 (D. Minn. 2008) (collecting cases). Some courts, however, have required a showing of "clear and convincing" evidence or "good cause." *Pyun v. Jarina*, No. 07-2817, 2009 WL 1636272,

---

[7] R. Doc. Nos. 4-3 (Record of Deportable Alien, dated November 13, 1979), 4-5 (Form AR-11, dated November 14, 1983), 4-6 (Request for Asylum, dated November 15, 1979), 4-8 (marriage certificate dated December 8, 1981), 4-10 (Immigrant Visa and Alien Registration Form dated February 25, 1986), 4-13 (Form N-405, dated August 8, 1989).
[8] Because Bustos' naturalization certificate was issued by this Court, USCIS informed Bustos that he would have to seek a Court order for the requested amendment. R. Doc. No. 1-3.

at *2 (W.D. Tenn. June 11, 2009) (clear and convincing); *Kouanchao v. U.S. Citizenship & Imm. Servs.*, 358 F. Supp. 2d 840, 843 (D. Minn. 2005) (good cause).

Despite these apparently differing standards, "a general pattern has emerged: where courts have denied petitions to amend, the 'evidence supporting the petition was quite weak—sometimes bordering on the unbelievable—and there was often some indication of fraud or bad faith on the petitioner's part.'" *Thao Ngoc Phuong Tu v. U.S. Citizenship & Imm. Servs.*, No. 19-39, 2019 WL 2344219, at *2 (N.D. Ga. Apr. 15, 2019) (quoting *Hussain*, 541 F. Supp. 2d at 1085–86). "'Conversely, in cases in which courts have granted petitions to amend, there was strong evidence that the birth date on the certificate was incorrect, and there was no indication that the petitioner had acted fraudulently or in bad faith.'" *Id.* (quoting *Hussain*, 541 F. Supp. 2d at 1085–86).

In the instant matter, the Court finds that Bustos has failed to provide sufficient evidence to justify the proposed amendment, regardless of how the burden of proof is described. First, Bustos' evidence is weak. *Id.* The translation of the birth certificate provided by Bustos bears a "registration date" of May 9, 1991, and states that it was "issued" on July 13, 2020.[9] Bustos does not explain what the significance of the "registration date" is, but the Court notes that this date is after the issuance of Bustos' naturalization certificate. Further, Bustos does not explain or acknowledge the previous representations made to the government, and signed by him, indicating that he was born in 1956. This discrepancy is concerning—particularly since it

---

[9] R. Doc. No. 1-1, at 2.

appears that Bustos affirmatively represented that his birthdate was 1953 several times prior to the filing of this petition. *Id.* (noting that evidence of fraud or bad faith weighs against granting similar petition); *see also Duc Minh Ha v. U.S. Citizenship & Imm. Servs.*, 05-59, 2006 WL 1997360, at *7 (D. Minn. July 14, 2006) (denying amendment to birthdate on naturalization petition when he "knew as of 1980 that the incorrect birth date . . . had been used in support of his request for refugee status in 1979, he nevertheless intentionally continued to use this date in 1981 . . . and in again, in 1990").

"Certificates of naturalization are important documents—official documents on which governmental and private entities rely—and requests to alter a birth date on such important documents should not be treated lightly." *Hussain*, 541 F. Supp. 2d at 1090. Whether the standard be "unequivocal evidence" or "clear and convincing evidence," the Court is not persuaded that Bustos has established that the requested amendment is warranted. Accordingly, the petition will be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Bustos' petition is **DENIED**.

New Orleans, Louisiana, July 7, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE