## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ORLANDO JOSE JEREZ BUSTOS | MISCELLANEOUS ACTION |
| | No. 23-532 |
| | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] pursuant to Federal Rules of Civil Procedure 59(a)(2), 60(b)(1), and 60(b)(2) for a new trial based on newly discovered evidence and excusable neglect, filed by Orlando Jose Jerez Bustos ("Bustos"). The government opposes the motion.[2] For the reasons below, the Court denies the motion.

### I. BACKGROUND

This action concerns a petition by Bustos to correct the birth date listed on his naturalization certificate.[3] The U.S. Citizenship and Immigration Services ("USCIS") filed a response in opposition to Bustos' petition.[4] On July 7, 2023, the Court denied this petition after determining that Bustos had not presented sufficient evidence to establish that the requested amendment was warranted.[5] Bustos now asks the Court to reconsider the order denying his petition based on newly discovered evidence

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1.
[4] R. Doc. No. 4.
[5] R. Doc. No. 5, at 5.

pursuant to Federal Rules of Civil Procedure 59(a)(2) and 60(b)(2) and based on excusable neglect pursuant to Rule 60(b)(1).

## II. LAW AND ANALYSIS

As stated, Bustos' motion for reconsideration is based, in part, on newly discovered evidence pursuant to Rule 59 and Rule 60. Rule 60(b)(2) limits motions for relief based on newly discovered evidence to "evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Accordingly, "[w]hich rule applies depends upon when the motion was filed." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 09-4730, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (Engelhardt, J.) (citing *Texas A & M Rsch. Found. v. Magna Transp.*, 338 F.3d 394, 400 (5th Cir.2003)). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e)." *Id.* "If it is filed after that time, it falls under Rule 60(b)." *Id.* In the present case, the motion for reconsideration was filed twenty-one days after the order denying Bustos' petition and is appropriately considered as a motion under Rule 59(e).[6]

In considering motions under Rule 59(e), "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion "cannot be used

---

[6] The motion for reconsideration was filed on July 28, 2023. R. Doc. No. 7. As stated, the order and reasons denying Bustos' petition was entered on July 7, 2023. R. Doc. No. 5.

2

to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Furthermore, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

"In deciding whether newly discovered evidence is sufficient to warrant a new trial, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995).

After a thorough review of the evidence presented in the motion for reconsideration, the Court finds that there is no newly discovered evidence that could not have been raised before the final order. Exhibit A is a 2018 BBC article describing Nicaragua's history.[7] Exhibit B is a State Department abstract about Nicaragua.[8] Exhibit C is a summary of Louisiana census data from the U.S. Census Bureau.[9] These exhibits, submitted to inform the Court of Nicaraguan history, easily could have been discovered earlier with due diligence as they were publicly available on the internet.

---

[7] R. Doc. No. 7-4.
[8] R. Doc. No. 7-5.
[9] R. Doc. No. 7-6.

Exhibit D is a translation of a 1979 Salvadoran document stating Bustos' birthyear as 1956.[10] Exhibits E–J are Nicaraguan documents and certified translations that list Bustos' birthyear as 1953.[11] Bustos possessed all of these documents before the Court's order on July 7, 2023.[12]

The motion for reconsideration claims that the delay in filing these documents was due to the time needed to translate the documents after the opposition to the petition was filed by USCIS.[13] This does not make the documents "newly discovered." They were in Bustos' possession during the entirety of this litigation and would have been filed in the original petition if due diligence was exercised.

At stated previously this motion "is not the proper vehicle for rehashing evidence. . .that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Because Bustos has failed to justify why he was unable to present this evidence before the final judgment, the Court will not consider it now.

Bustos also moves for relief from the judgment pursuant to Rule 60(b)(1) on grounds of excusable neglect. Rule 60(b) relief is "uncommon" and "will be afforded only in 'unique circumstances.'" *Lowry Dev., L.L.C. v. Groves & Assocs. Ins.*, 690 F.3d 382, 385 (5th Cir. 2012); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir.

---

[10] R. Doc. No. 7-7.
[11] R. Doc. Nos. 7-8–13.
[12] *Id.*
[13] *Id.* ¶10.

4

1984)). "The Rule is to be 'liberally construed in order to do substantial justice,' but at the same time, 'final judgments should [not] be lightly reopened.'" *Lowry Dev., L.L.C.*, 690 F.3d at 385 (citation omitted).

As the Supreme Court has explained, "because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Sers. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fifth Circuit has specified that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co.*, 6 F.3d at 357.

As discussed above, the new evidence submitted in this motion was readily available when filing the original petition. The motion states no reasons why this neglect was excusable aside from the delay in obtaining translations after USCIS filed its response.[14] However, Bustos possessed the documents before the original petition was filed. The decision to file a petition without all the evidence is not excusable neglect. Additionally, all but one of the translations were completed before the Court issued a final order and reasons.[15] Although these documents

---

[14] R. Doc. No. 7, ¶10.

[15] The translations for Exhibits E–J were completed on July 1, 2023. R. Doc. Nos. 7-8–13. The translation for Exhibit D was not completed until July 15, 2023. R. Doc. No. 7-7. As previously mentioned, the order denying Bustos' petition was issued on July 7, 2023. R. Doc. No. 5.

should have been included in the original petition, at the very least, Bustos should have sought to supplement with the documents before a final order was issued.

Accordingly,

**IT IS ORDERED** that Bustos' motion for relief pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure is **DENIED**.

New Orleans, Louisiana, September 6, 2023.

                                        **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**